**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DARNELL TATEM,<br>     *Plaintiff*,<br><br>     v.<br><br>BRIAN PERELMUTER,<br>     *Defendant*. | No. 3:18-cv-00382 (VAB) |

**RULING AND ORDER ON MOTION FOR LEAVE TO AMEND**

Darnell Tatem ("Plaintiff"), currently incarcerated at the Garner Correctional Institution, sued Brian Perelmuter ("Defendant"), alleging that Dr. Perelmuter was deliberately indifferent to his medical needs, in violation of 42 U.S.C. § 1983, during Mr. Tatem's time at the Cheshire Correctional Institution, where he was previously incarcerated. Compl., ECF No. 1 (Mar. 5, 2018). After the Court dismissed Mr. Tatem's Complaint without prejudice in an Initial Review Order, *see* ECF No. 9 (Oct. 25, 2018) ("IRO"), Mr. Tatem, proceeding *pro se*, filed an Amended Complaint against Dr. Perelmuter. *See* Pro Se Prisoner Civil Rights Compl., ECF No. 11 (Dec. 18, 2018) ("Am. Compl."); Order, ECF No. 14 (Sept. 9, 2019).

Mr. Tatem, now assisted by counsel, has moved for leave to file a Second Amended Complaint and for an order joining Regina Landesberg as a defendant. Mot. for Leave to Amend Compl. and to Join Party Def., ECF No. 33 (May 14, 2020) ("Pl.'s Mot."); Mem. of L. in Supp. of Mot. for Leave to Amend Compl. and to Join Party Def., ECF No. 34 (May 14, 2020) ("Pl.'s Mem."). Dr. Perelmuter objections to the motion. Defs.' Obj. to Pl.'s Mot. to File Second Amended Compl., ECF No. 35 (May 21, 2020) ("Def.'s Obj.").

For the reasons set forth below, Mr. Tatem's motion to amend will be **GRANTED**.

1

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The Court presumes familiarity with the factual background of this case, which is set forth in the Court's Initial Review Order. *See* IRO at 1–3. As the IRO notes in detail, Mr. Tatem's original Complaint generally alleged that Dr. Perelmuter, who Mr. Tatem alleged was a State of Connecticut employee, was deliberately indifferent to a mass in the lower left side of his jaw when he allegedly neglected to follow up with Mr. Tatem with regard to the results of a CT scan, and that this deliberate indifference constituted a violation of § 1983. *Id.* at 6; *see* Compl.

In its IRO, the Court dismissed the Complaint on several grounds, including that Mr. Tatem had not set forth "well-pleaded allegations that Dr. Perelmuter participated in Mr. Tatem's initial diagnosis or follow-up care," or any "allegations that Dr. Perelmuter treated Mr. Tatem, that Dr. Perelmuter submitted the request for testing of the mass, that Dr. Perelmuter received the results of the CT scan, or that Dr. Perelmuter was in any other way responsible for Mr. Tatem or the care of his jaw." IRO at 6–7. The Court granted Mr. Tatem leave to file a motion to reopen, accompanied by an Amended Complaint, that, to suffice to reopen the case, "would need to plead facts clarifying the involvement of Dr. Perelmuter as well as allegations that would clarify how Mr. Tatem's injuries are fairly traceable to Dr. Perelmuter's conduct." *Id.* at 8 (internal quotation marks omitted).

On December 18, 2018, Mr. Tatem moved to reopen the case against Dr. Perelmuter and filed an Amended Complaint. Am. Compl. In the Amended Complaint, Mr. Tatem alleged, *inter alia*, that Dr. Perelmuter's "reckless and erroneous deprivation in not seeing [him] for months after [his] arrival at Cheshire . . . was the causation of [a] new growth in [his] jaw," *id.* at 4 ¶ 25; that Dr. Perelmuter's "actions w[ere] malicious and woefully short of ordinary standards of medical care," *id.* ¶ 26; that "[a]fter [a] CT scan showed the depth and severity of [his] injury and

[he] returned to Cheshire[,] Dr. Perelmuter was culpable for not taking immediate remedial action to prevent the degradation of [his] injury," *id.* at 5 ¶ 29; that Mr. Tatem was shown during a later doctor's visit "evidence of the diagnosis that was forwarded to [Dr.] Perelmuter on or about July 15, 2015," *id.* at 6 ¶ 34, but Dr. Perelmuter "never followed up with [the University of Connecticut]'s recommended treatment or any treatment of his own," *id.* ¶ 35; and that this "reckless action[] allowed a mass to form in and around [his] left jawbone," *id.* at 6 ¶ 39, which resulted in an infection and subsequent medical care, *id.* at 7 ¶ 40.

On May 23, 2019, Mr. Tatem moved for appointment of counsel. Mot. to Appoint Counsel, ECF No. 12 (May 23, 2019).

On September 19, 2019, the Court granted Mr. Tatem's motion to reopen. Order, ECF No. 14 (Sept. 19, 2019).

That same day, the Court granted Mr. Tatem's motion to appoint counsel. Order, ECF No. 16 (Sept. 19, 2019).

On September 23, 2019, the Court appointed pro bono counsel John Cordani to represent Mr. Tatem. Order, ECF No. 18 (Sept. 23, 2019).

On January 8, 2020, the Court issued an initial scheduling order, setting the deadline for joinder of parties for May 15, 2020, the close of discovery for October 9, 2020, and the due date for dispositive motions for November 13, 2020. Initial Scheduling Order, ECF No. 27 (Jan. 8, 2020) ("Initial Scheduling Order").

On February 27, 2020, Dr. Perelmuter filed an Answer to the Complaint. Answer, ECF No. 31 (Feb. 27, 2020).

On May 14, 2020, Mr. Tatem moved to amend or correct the Amended Complaint and to join Dr. Landesberg as a party defendant, Pl.'s Mot.; Pl.'s Mem., and attached a proposed Second Amended Complaint, *see* Second Am. Compl., ECF No. 33-1 (May 14, 2020).

On May 21, 2020, Dr. Perelmuter objected to Mr. Tatem's motion to amend. Def.'s Obj.

On May 28, 2020, Mr. Tatem replied to Dr. Perelmuter's objection. Pl.'s Reply in Supp. of His Mot. for Leave to Amend Compl. and to Join Party Def., ECF No. 36 (May 28, 2020) ("Pl.'s Reply").

On June 30, 2020, the parties filed a joint motion to amend the scheduling order. Joint Mot. to Amend Scheduling Order, ECF No. 37 (June 30, 2020).

On July 1, 2020, the Court granted the motion to amend the scheduling order, setting the end of discovery for January 15, 2021 and the due date for dispositive motions at February 19, 2021. Order, ECF No. 38 (July 1, 2020).

On October 8, 2020, the parties filed another joint motion to amend the scheduling order. Joint Mot. to Amend Scheduling Order, ECF No. 40 (Oct. 8, 2020).

On October 9, 2020, the Court granted the motion to amend the scheduling order and adopted a revised schedule, setting the end of discovery for February 26, 2021 and the due date for dispositive motions at April 2, 2021. Order, ECF No. 41 (Oct. 9, 2020).

On October 20, 2020, the Court scheduled a video-conference motion hearing for Mr. Tatem's motion to amend for November 24, 2020. Notice, ECF No. 43 (Oct. 20, 2020).

On November 9, 2020, Mr. Tatem filed a motion alleging ineffective assistance of counsel.[1] Mot. for Ineffective Assistance of Counsel, ECF No. 44 (Nov. 9, 2020).

---

[1] Mr. Tatem also that same day filed a "Motion for Synthesis." Mot. for Synthesis, ECF No. 45 (Nov. 9, 2020). On January 19, 2021, the Court denied both the motion for synthesis and the motion for ineffective assistance of counsel as moot. *See* Order, ECF No. 52 (Jan. 19, 2021).

On November 20, 2020, Mr. Cordani filed a motion to withdraw as attorney. Pl.'s Counsel's Mot. to Withdraw as Counsel, ECF No. 46 (Nov. 20, 2020).

On November 22, 2020, the Court denied without prejudice the motion to withdraw on the ground that the motion to withdraw had not identified whether counsel had, as required by the Local Rules, provided notice to Mr. Tatem that "failure to either engage successor counsel or file a *pro se* appearance would result in a dismissal or default being entered against [him]." Order, ECF No. 47 (Nov. 22, 2020) (quoting D. Conn. L. Civ. R. 7(e)). The Court noted that it would not be inclined to appoint new counsel, as it had "every confidence that Mr. Tatem would be effectively represented by his assigned counsel." *Id.*

That same day, in light of Mr. Tatem's filings and counsel's motion to withdraw as attorney, the Court canceled the hearing on Mr. Tatem's motion to amend and indicated it would resolve the motion on the parties' written submissions. Order, ECF No. 48 (Nov. 22, 2020).

On November 23, 2020, Mr. Tatem moved for a writ of manumission. Mot. for Writ of Manumission, ECF No. 49 (Nov. 23, 2020).

On November 24, 2020, counsel for Mr. Tatem filed a supplemental memorandum to the motion to withdraw, noting that counsel had further discussed the matter with Mr. Tatem, "no longer believe[d] a conflict of interest exists," and would continue to represent him in the case. Pl.'s Counsel's Suppl. Mem. re: Mot. to Withdraw as Counsel (Doc. 46), ECF No. 50 at 1 (Nov. 24, 2020).

On November 25, 2020, the Court denied Mr. Tatem's writ of manumission in light of counsel's response regarding the motion to withdraw. Order, ECF No. 51 (Nov. 25, 2020).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998). However, if a court chooses to deny leave to amend, it must give some "justifying reason" for doing so. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) ("While mere delay, absent a showing of bad faith or undue prejudice, is not enough for a district court to deny leave to amend, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." (internal quotation marks omitted)). The Court will "only deny a motion to amend if it is clear on the face of the pleadings that the claims would be

barred by the statute of limitations, and if the issue would not need to be more fully briefed."

*Hybrid Athletics, LLC v. Hylete, LLC*, No. 3:17-cv-1767, 2018 WL 4323816, at *4 (D. Conn.

Sept. 10, 2018).

"While the party seeking to amend its pleading must explain any delay, the party

opposing the amendment 'bears the burden of showing prejudice, bad faith, and futility of the

amendment.'" *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d

759, 766 (S.D.N.Y. 2018) (quoting *Grant v. Citibank (S.D.), N.A.*, No. 10 Civ. 2955 (KNF),

2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010)).

A party may be joined as a defendant under the Federal Rules of Civil Procedure if "(A)

any right to relief is asserted against them jointly, severally, or in the alternative with respect to

or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

20(a)(2).

## III.    DISCUSSION

Mr. Tatem may not amend the Complaint as of right because Mr. Tatem has previously

amended his Complaint, *see* Am. Compl., and because Dr. Perelmuter filed an Answer on

February 27, 2020, more than twenty-one (21) days before the date his motion to amend was

filed. *See* Answer; Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleadings once as a matter

of course within 21 days after serving it, or . . . 21 days after service of a responsive pleading or

21 days after service of a motion under 12(b), (e), or (f), whichever is earlier.").

Mr. Tatem argues that there is good cause to again amend his Complaint because,

"[s]ubsequent to the filing of his Complaint," he "was able to review discovery provided by Dr.

Perelmuter," including "[m]edical records . . . [which] demonstrate that Dr. Regina Landesberg

was involved in coordinating the CT scan and in knowing the follow-up was required due to the results of the scan, along with Dr. Perelmuter." Pl.'s Mem. at 1-2, 3. Mr. Tatem argues that "[b]ased upon these recently uncovered facts, [he] has a reasonable basis to assert a claim against Dr. Landesberg for deliberate indifference to [his] serious medical needs and in violation of his civil rights under 42 U.S.C. § 1983." *Id.* at 2. He argues that "[t]here has been no undue delay or bad faith" and that the timing of the request is "reasonable and understandable under the circumstances," as when he filed his Amended Complaint, "counsel had not yet been appointed and discovery had not yet begun." *Id.* at 3.

Mr. Tatem also notes that under the Court's initial scheduling order, he was still, at the time of filing, within the time limit to amend the pleadings and join other parties. *Id.* at 3 (citing Initial Scheduling Order). Finally, Mr. Tatem argues that the claim against Dr. Landesberg "directly relates to the transactions and occurrences at issue in [his] [] Amended Complaint," as his claim under 42 U.S.C. § 1983 "arises from Dr. Landesberg's and Dr. Perelmuter's actions when they coordinated [Mr.] Tatem's CT scan in 2015 and when they knew follow-up was required after [his] scan and together failed to do so." *Id.* at 4.

Dr. Perelmuter sets forth several arguments in opposition to Mr. Tatem's motion to amend. *See* Def.'s Obj. First, Dr. Perelmuter argues that "any modification of the [C]omplaint after July 2018" would "fall outside of the applicable statute of limitations" under § 1983. Def.'s Obj. at 3-4. Dr. Perelmuter argues further that the claims against Dr. Landesberg can only be properly brought if these claims "relate back" to the original Complaint under Federal Rule of Civil Procedure 15(c)(1)(C), which he argues Mr. Tatem cannot satisfy because "the proposed Defendant will be prejudiced by the amendment being granted," *id.* at 4, and "the proposed Defendant was not on notice as the Plaintiff does not appear to have mistakenly named

defendants in his original action," but rather, Mr. Tatem "had access to his own medical records" and therefore his failure to name Dr. Landesberg "cannot be characterized as a mistake," *id.* at 4-5 (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)).

On reply, Mr. Tatem argues that the statute of limitations objection "cannot be addressed at the pleading stage." Pl.'s Reply at 2. Mr. Tatem argues further that his claim is not barred for several reasons, including that he plans to argue at a later stage of the proceeding that (1) "the amendment relates back to the original Complaint under Rule 15(c)(1) of the Federal Rules of Civil Procedure," *id.* at 2-6; (2) "any applicable statute of limitations was tolled for fraudulent concealment under Conn. Gen. Stat. § 52-595," *id.* at 6-7; and (3) Mr. Tatem "can avail himself of the continuing course of conduct doctrine, an independent ground for tolling the statute of limitations," *id.* at 7-8.

The Court agrees.

Because § 1983 does not establish its own statute of limitations, federal courts instead "select the state statute of limitations 'most analogous' and 'most appropriate.'" *Owens v. Okure*, 488 U.S. 235, 239 (1989) (internal citations omitted). The Supreme Court has recognized that "for statute-of-limitations purposes, '§ 1983 claims are best characterized as personal injury actions.'" *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994) (quoting *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)).

"The statute of limitations for tort claims set forth in Connecticut General Statutes § 52-577 applies to claims brought [under] section 1983." *Santiago v. Hamden Conn. Police Dep't*, No. 3:19-cv-1659 (KAD), 2019 WL 6497003, at *2 (D. Conn. Dec. 3, 2019) (citing *Lounsbury*, 25 F.3d at 134). Section 52-577 establishes a three-year statute of limitations for claims that runs from "the date of the act or omission complained of." *Id.* (quoting Conn. Gen. Stat. § 52-577).

Though statute of limitations arguments are ordinarily raised as an affirmative defense, a district court may dismiss a complaint if the allegations demonstrate that the relief sought is barred by the applicable statute of limitations. *See Walters v. Indus. & Comm. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[A]lthough the statute of limitations is ordinarily an affirmative defense . . .[,] district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted[.]" (internal citations and quotation marks omitted)).

The allegations against Dr. Perelmuter derive from acts and omissions that allegedly occurred beginning on July 2, 2015. Am. Compl. at 3 ¶ 11. Therefore, under the statute of limitations applicable in Connecticut to § 1983 actions, the three-year period expired in July 2018. *See* Conn. Gen. Stat. § 52-577. Mr. Tatem does not contend that the three-year period applies, but argues instead that, upon further factual development, he will be able to establish that the claim against Dr. Landesberg relates back to the original complaint under Federal Rule of Civil Procedure 15(c)(1). Pl.'s Reply at 3-6.

Under Rule 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i)      received such notice of the action that it will not be
         prejudiced in defending on the merits; and

(ii)     knew or should have known that the action would have
         been brought against it, but for a mistake concerning the
         proper party's identity.

Fed. R. Civ. P. 15(c)(1).

The Second Circuit has held that the provision applicable here, Rule 15(c)(1)(C), allows

for an amended pleading to relate back to the date of the original pleading if four conditions are

met: "(1) the claim must have arisen out of conduct set out in the original pleading"; "(2) the

party to be brought in must have received such notice that it will not be prejudiced in

maintaining its defense"; "(3) that party [knew or] should have known that, but for a mistake of

identity, the original action would have been brought against it"; and "[(4)] the second and third

criteria are fulfilled within [the period provided by Rule 4(m) for serving the summons and

complaint], and . . . the original complaint [was] filed within the limitations period." *Ceara v.

Deacon*, 916 F.3d 208, 211 (2d Cir. 2019) (first, third and fourth alterations in original).

The parties do not dispute that the claim against Dr. Landesberg arises out of conduct set

out in the original pleading, or that the original Complaint was filed within the limitations period.

*See* Def.'s Obj., Pl.'s Reply. Instead, Dr. Perelmuter argues that Dr. Landesberg will be

prejudiced by the amendment being granted, as Dr. Perelmuter has already filed an appearance

and Answer, Def,'s Obj. at 4, and that Mr. Tatem did not, under the third condition, fail to name

Dr. Landesberg as a "mistake," because he "had access to his own medical records and he was

the individual receiving treatment, [and thus] it cannot be said he was mistaken as to the

identities of Brian Perelmuter and Regina Landesberg," *id.* at 4-5.

With respect to prejudice, the Court considers factors including "whether an amendment

would require the opponent to expend significant additional resources to conduct discovery and

11

prepare for trial or significantly delay the resolution of the dispute." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) (internal quotation marks omitted). "Undue prejudice arises," for example, "when an amendment comes on the eve of trial and would result in new problems of proof." *Id.* (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)) (internal quotation marks and alteration omitted). Still, "allegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174-75 (S.D.N.Y. 2014)). "[T]he fact that the opposing party will have to undertake additional discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Id.* (quoting *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989)).

Though Dr. Perelmuter had already filed an Answer as of the time of the filing of Mr. Tatem's motion for leave to amend, *see* Answer, Mr. Tatem was, as of the time of filing his motion, within the time limit prescribed by the Court to join other parties, *see* Initial Scheduling Order (setting a deadline of May 15, 2020). Beyond the assertion that Dr. Perelmuter had already filed an Answer on his behalf, *see* Def.'s Obj. at 4, Dr. Perelmuter fails to set forth any reason for how joining Dr. Landesberg within the time limit prescribed by the Initial Scheduling Order would prejudice her in maintaining her defense, particularly as discovery in this matter remained ongoing at the time of filing and remains ongoing now. *See* Order, ECF No. 41 (setting February 26, 2021 for the end of discovery).

Accordingly, Defendant "has not demonstrated that, at this stage of the litigation, before dispositive motions have been addressed, amendment would cause [him (or Dr. Landesberg)] prejudice." *Hybrid Athletics, LLC*, 2018 WL 4323816, at *3.

With respect to Mr. Tatem's failure to name Dr. Landesberg in his original Complaint or Amended Complaint, Mr. Tatem claims that the basis for the amendment to add Dr. Landesberg was "uncovered in reviewing the discovery only recently provided by Dr. Perelmuter," medical records which Mr. Tatem argues "reflect that Dr. Landesberg coordinated with [Dr.] Perelmuter in ordering a CT scan of [Mr.] Tatem's jaw and in knowing that follow-up after [Mr.] Tatem's CT scan was necessary." Pl.'s Mem. at 3. Though Defendant argues that "the fact that [Mr. Tatem] had access to his own medical records and [] was the individual receiving treatment," and therefore could not have been mistaken "as to the identities of Brian Perelmuter and Regina Landesberg," Defendant has not carried his burden of showing that Mr. Tatem's medical records definitively showed Dr. Landesberg's involvement in the manner now alleged by Mr. Tatem; that Mr. Tatem had knowledge of Dr. Landesberg's involvement in the manner now alleged by Mr. Tatem; or that even if Mr. Tatem was aware of Dr. Landesberg's "identity," Def.'s Obj. at 4-5, he was aware in any way of the alleged coordination between Drs. Perelmuter and Landesberg with respect to his care. *See* Pl.'s Reply at 4 ("[Mr.] Tatem did not know at the time that he filed his original [C]omplaint, or even when he filed his [Amended] [C]omplaint, that Dr. Landesberg played the role that she did in the treatment of his medical condition.").

Mr. Tatem argues that he only discovered this information after reviewing the discovery materials provided to him in February 2020, Pl.'s Mem. at 3, and the Court sees no reason not to credit this assertion, or to consider this claim against Dr. Landesberg as having been brought in bad faith. *See Hybrid Athletics, LLC*, 2018 WL 4323816, at *3 ("Hybrid asserts that it uncovered information during fact discovery that will support its allegations that Hylete knew [relevant information]. . . . The Court accepts Hybrid's assertion and will not deny the motion to amend

based on undue delay, as the Court does not find evidence that Hybrid delayed out of bad faith.").

With respect to notice, Mr. Tatem argues that he "should be given an opportunity to develop evidence that [Dr.] Landesberg had sufficient notice of the lawsuit," because counsel for Dr. Perelmuter "would presumably represent Dr. Landesberg as well," and indeed, Dr. Perelmuter's counsel, in his capacity as such, "decided to oppose [Mr.] Tatem's proposed Amended Complaint by asserting a statute of limitations defense on behalf of [Dr.] Landesberg." Pl.'s Reply at 3-4. In Mr. Tatem's view, "[t]he Attorney General's Office likely knew or should have known that any medical providers involved in making decisions regarding [Mr.] Tatem's serious medical condition between 2015 and 2016 could be named as defendants in the suit," and these identities were "uniquely accessible to [Dr. Perelmuter's counsel]." *Id.* at 4.

Courts in this District have held that "[w]hile any newly identified defendants must have had notice of the plaintiff's allegations against them prior to the end of the limitations period to meet the requirements of Rule 15(c), notice may be imputed to those defendants if both they and one or more of the originally named defendants 'are represented by the same attorney.'" *Archibald v. City of Hartford*, 274 F.R.D. 371, 380 (D. Conn. 2011) (quoting *Byrd v. Abate*, 964 F. Supp. 140, 146 (S.D.N.Y. 1997)). "In order to impute such notice to the new defendant through his attorney, however, the plaintiff must demonstrate that the attorney knew or should have known that the additional defendant would be added to the existing suit." *Id.* (quoting *Byrd*, 964 F. Supp. at 146)).

In this case, Assistant Attorney General Steven M. Barry, who represents Dr. Perelmuter, has not indicated whether he will or does currently represent Dr. Landesberg, but signed his objection on behalf of "Defendants, Brian Perelmuter, et al.," Def.'s Obj. at 5, and has asserted

that Dr. Landesberg will be prejudiced by the amendment being granted, *id.* at 4, all of which indicates that he likely will represent Dr. Landesberg as the action proceeds. Moreover, Mr. Tatem's original Complaint contained significant detail discussing the medical treatment he received in July 2015, and the infection that allegedly resulted. *See* Compl. As in *Archibald*, the identities of other individuals involved in Mr. Tatem's care were "uniquely accessible to [Dr. Perelmuter's counsel], who could have (and should have) consulted . . . records and interviewed . . . employees" involved in the matter. 274 F.R.D. at 380 (internal quotation marks omitted).

Additionally, as this Court has observed, "arguments over the statute of limitations, especially as they involve the defense of laches or equitable tolling, are better addressed at a later stage of th[e] case," as a court "would only deny a motion to amend if it is clear on the face of the pleadings that the claims would be barred by the statute of limitations, and if the issue would not need to be more fully briefed." *Hybrid Athletics, LLC*, 2018 WL 4323816, at *4. Accordingly, Mr. Tatem should be provided an opportunity, upon a more fully developed record, to argue that his claim against Dr. Landesberg relates back to the date of the original Complaint. To be clear, the Court does not reach a conclusion today as whether Mr. Tatem's claims against Dr. Landesberg definitively "relate back" under Rule 15(c). Instead, the Court finds only that Dr. Perelmuter has not carried his burden of proving the futility, prejudice or bad faith of Mr. Tatem's proposed Second Amended Complaint such that leave to amend should not be granted. *See Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d at 766. As a result, the Court need not, and does not, address Mr. Tatem's other arguments with respect to the statute of limitations.

**IV.      CONCLUSION**

For the reasons explained above, the Court **GRANTS** the Motion for Leave to Amend.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of January, 2021.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge